UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

ENTERED
11/05/2012

IN RE: §
PATRICIA Z. DEWBERRY § CASE NO: 10-20756
　Debtor(s) §
§ CHAPTER 11

## MEMORANDUM OPINION AND ORDER DENYING PLAN CONFIRMATION

On this day came on for consideration confirmation of Debtor's Chapter 11 Plan of Reorganization. The Court, having heard the evidence and arguments of counsel, including the objection of JP Morgan Chase Bank, N.A. ("Chase"), finds that confirmation should be denied.

### BACKGROUND

Patricia Z. Dewberry (the "Debtor") filed her chapter 13 bankruptcy petition in this court on October 1, 2010. Her schedules listed real property at 14117 Bounty Avenue, Corpus Christi, Texas (the "Bounty Property"), as her homestead. The Debtor valued the Bounty Property at $203,000, with a lien against it held by Chase in the amount of $207,000. On May 17, 2011, Debtor amended her schedules to claim property at 810 Banyon Beach, Unit 159 (the "Banyon Property"), as her homestead and to change the value of the Bounty Property to $175,000, with a lien of $185,805.58.

Debtor converted her case to chapter 11 on October 24, 2011. She filed her chapter 11 plan of reorganization on March 14, 2012, in which she proposed to cram down Chase's lien on the Bounty Property to $175,000. Chase filed an objection to the plan on May 25, 2012. Debtor filed a supplemental plan on June 30, 2012, proposing to cram down Chase's claim to her newly alleged value for the Bounty Property of between $145,000 and $175,000, but Debtor never amended her schedules to change the value of the Bounty Property.

A hearing on plan confirmation was held July 2, 2012. At the hearing the testimony

demonstrated that Debtor had leased the Bounty Property, but never tendered rents to Chase, never sought permission to use Chase's cash collateral, and did not pay real property taxes or insurance premiums on the Bounty Property post-petition. Debtor's plan did not provide for correction of these failures.

## DISCUSSION

Chase objects to Debtor's attempt to modify its claim. The Bankruptcy Code prohibits modification of claims secured "only by a security interest in real property that is the debtor's principal residence." 11 U.S.C. §1123(b)(5). Debtor argues that she amended her schedules to claim the Banyon Property as her homestead and that because Chase never objected to her amended schedules, she is free to modify the claim on the Bounty Property.

The Ninth Circuit Bankruptcy Appellate Panel, facing nearly identical facts, held that "the determinative date for whether a claim is secured by a debtor's principal residence is, like all claims, fixed at the petition date." *In re Abdelgadir*, 455 B.R. 896, 903 (9th Cir. BAP 2011). This Court agrees and holds that as of the petition date, the Bounty Property was Debtor's principal residence. Therefore, Debtor may not modify Chase's claim and confirmation must be denied.

IT IS SO ORDERED.

SIGNED 11/05/2012.

_____
Richard S. Schmidt
United States Bankruptcy Judge